## MITTY BROXTON *v.* S. BLOOM et als.

Where a defendant is interrogated by the plaintiff for the purpose of proving the liability or indebted ·
ness set forth in the petition, and the defendant, in answering, states facts which tend to establish
his liability, he may also in the same connection state other facts, which show that such liability has
been discharged.

A plaintiff cannot be permitted to establish by proof a cause of action not alleged in his petition, with ·
out the consent, express or implied, of the defendant.

A suit by sequestration is a *lawful act*, and, according to the general rule of law, the plaintiff would
not be liable at all in damages for the exercise of this right,—but is made liable in such a case for any
actual damage, in the event of his failure in the suit, which the sequestration may have occasioned ;
this is an exception to the general rule.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J.
A. *Hennen*, for plaintiff and appellant. *Penn & Martin*, for defendant.

LAND, J.   The plaintiff, a free woman of color, instituted this suit, on a sequestration bond, to recover damages to the amount of three thousand dollars.

Before considering the case on its merits, it is necessary to pass upon the bills of exceptions taken on the trial below.   The plaintiff excepted to the ruling of the Judge *a quo* on her motion to strike out a part of the answers of *John G. Carpenter*, one of the defendants, to the interrogatories on facts and articles propounded to him for the purpose of proving the amount of damages claimed in the petition.   The Judge did not err in overruling the motion.

Where a defendant is interrogated by the plaintiff, for the purpose of proving the liability or indebtedness set forth in the petition, and the defendant answers, and states facts tending to establish his liability, he may also in the same connection state other facts, which show that such liability has been discharged. C. P. 353.   The answers of the defendant came within the operation of this rule, for, whilst they show a liability to the plaintiff, for the hire of her children during the pendency of the sequestration suit, they also disclose facts showing a discharge of such liability.

The plaintiff also excepted, on the trial below, to the introduction of testimony to prove that she was a lazy, idle and worthless person, and could not, with her children, make a livelihood ; and further, that she was not injured by the writ of sequestration issued against her, but was, on the contrary, benefited thereby.   The District Judge did not err in receiving the testimony.

The plaintiff's action was for the recovery of damages for wrongfully suing out a writ of sequestration ; and in such a case, she was only entitled to recover the amount of damages actually sustained, and not vindictive, or damages in the nature of smart-money.   And if it were true that she had sustained no actual damage in consequence of the sequestration sued out against her and her children, the fact was a complete defence to the action, and the defendants had a right to establish it by testimony.

The defendants excepted to the ruling of the Judge in permitting testimony to go to the jury, by whom this cause was tried, to prove that the services of the plaintiff's attorney in the sequestration suit were worth the sum of one thousand dollars.   The ground of the exception was, that the testimony was irrelevant and inadmissible under the pleadings, because there was no allegation in the petition, that counsel fees had been incurred or paid.

BROXTON
*v.*
BLOOM.

The District Judge erred. It is an elementary rule of pleading, that a plaintiff cannot be permitted to prove a cause of action not alleged in his petition, without the consent, express or implied, of the defendant.

On the merits, we are unable, from the testimony, to disturb the judgment of the lower court, based as it is upon the verdict of a jury, and which rejects the plaintiff's claim for damages on the sequestration bond. The mere sequestration of the plaintiff and her children, who were claimed as slaves, did not, *per se*, entitle her to damages against the plaintiffs in the sequestration suit, and the sureties on their bond; but, as we have said, her right of recovery depends on proof of actual damage.

The evidence shows, that the plaintiff and her children had been in the enjoyment of their liberty for several years prior to the institution of the sequestration suit, and that they were indolent, lazy and thriftless, and by their labor, had made but a meagre support. And the evidence further shows, that during the sequestration suit, or at least, so long as they were in the possession of *John G. Carpenter*, the plaintiff and her children were well fed, well clothed, and well treated, with little or no restraint upon their personal liberty, and that the hire from their labor was insufficient to defray their expenses, or at most did not exceed the same. It is, therefore, difficult to affirm, upon the testimony, that the plaintiff sustained any damage or pecuniary loss in consequence of the sequestration of herself and children, by reason of the loss of her labor, or of the proceeds of the same. As to her claim for counsel fees, we are unable to consider it, for the reason that there is no such demand contained in her petition. Although evidence was permitted to go to the jury, to prove the value of the services of plaintiff's counsel in the sequestration suit, yet the jury do not appear to have considered it, for no damages were given by their verdict to the plaintiff on that ground.

The proof which was made, that slaves could have been hired out for so much per month, and their hire would have amounted to a certain sum, during the time that the plaintiff and her children were in the possession of *John G. Carpenter*, as sequestered property, on his bond, can only be considered as hypothetical testimony, and without any effect as proof of damage sustained by plaintiff. The issue was, not what the hire of slaves was worth, during the period mentioned, but what actual damage the plaintiff herself had sustained. And the proof is ample, that in consequence of the laziness and indolence of plaintiff and her children, she sustained no actual pecuniary loss by reason of the sequestration; for, if it be true, that whilst she was in the enjoyment of her liberty, the plaintiff made but a meagre support, and afterwards, whilst in the possession of *Carpenter*, she and her children were well maintained, without expense to herself, and were kindly treated, there can be no foundation for the claim for actual damage arising from the loss of labor, or its proceeds.

It is not true, as contended by the learned counsel of plaintiff, that the sequestration suit itself was a wrong, or fault, in the sense of Article 2294 of the Civil Code, and that the detention of the plaintiff under the writ was a *false imprison-ment* in contemplation of law, for which the defendants are liable on their bond in exemplary damages. *A suit by sequestration is a lawful act,* and, according to the general rule of law, the plaintiff would not be liable at all in damages for the exercise of the right—but is made liable, in such a case, for actual damage, in the event of his failure, by virtue of an exception to the general rule.

The plaintiffs in the sequestration suit, *John A. P. Maples* and others, obtained

BROXTON
v.
BLOOM.

a verdict and judgment against *Mitty Broxton* and her children, declaring them to be slaves, and as such the property of the plaintiffs in that suit, and the judgment was only reversed in this court on the ground, *that it was not shown that the succession of Nathan Maples*, the former owner of *Mitty Broxton* and her children, *owed any debts.* See 12 An. 759. It cannot therefore be said, that the sequestration suit was vexatious and malicious, and as such entitled the plaintiff to recover exemplary damages, without any proof of actual loss.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.